UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>**FISHER ISLAND INVESTMENTS, INC.,**<br>　　Alleged Debtor.　　　　　　　　　／ | Case No. 11-17047-AJC<br>Chapter 11<br>(Involuntary) |
| In re:<br>**LITTLE REST TWELVE, INC.,**<br>　　Alleged Debtor.　　　　　　　　　／ | Case No. 11-17061-AJC<br>Chapter 11<br>(Involuntary) |

## NOTICE OF APPEAL

ALLEGED DEBTORS Fisher Island Investments, Inc. ("Fisher Island Investments") and Little Rest Twelve, Inc. ("Little Rest 12") (collectively, the "Zeltser Alleged Debtors"), by and through their proper counsel, Sternik & Zeltser and DiBello, Lopez & Castillo, P.A., pursuant to 28 U.S.C. § 158, appeal to the United States District Court for the Southern District of Florida from the MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT ("Summary Judgment") of the bankruptcy judge (Cristol J.) entered in the bankruptcy proceedings (Case No. 11-17047, D.E. 443) (Case No. 11-17061, D.E. 369), dated January 19, 2012 and entered on the docket on January 20, 2012, awarding the ownership of Fisher Island Investments and Little Rest 12 to non-party SP Trustees Gmbh.

The names of all parties to the Summary Judgment appealed from, and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Case No. 11-17047-AJC
Case No. 11-17061-AJC

| | |
|---|---|
| Zeltser Alleged Debtors: | **Fisher Island Investments, Inc. and Little Rest Twelve, Inc.[1]** |
| Attorneys: | Darin A. DiBello, Esq.<br>DiBello, Lopez & Castillo, P.A.<br>1550 Madruga Avenue, Suite 504<br>Coral Gables, FL 33146<br>Tel: 305-668-8870 |
| | Emanuel Zeltser, Esq.<br>Sternik & Zeltser<br>119 West 72nd Street, #229<br>New York, NY 10023<br>Tel: 212-656-1810 |
| Redmond Alleged Debtors: | **Fisher Island Investments, Inc. and Little Rest Twelve, Inc.** |
| Attorneys: | Patricia Redmond, Esq.<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.,<br>150 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>Tel: 305-789-3200 |
| | Joseph Rebak, Esq.<br>Tew Cardenas<br>1441 Brickell Avenue, Suite 1500<br>Miami, FL 33131-3430<br>Tel: 305-536-1112 |
| | Martin P. Russo, Esq.<br>Gusrae Kaplan Bruno & Nusbaum<br>120 Wall Street, 11th Floor<br>New York, NY 10005<br>Tel: 212-269-1400 |

---

[1] In the bankruptcy cases, two groups have appeared on behalf of the Alleged Debtors. The group represented by Emanuel Zeltser, Esq. and Darin A. DiBello, Esq., has been referred to as the "Zeltser Alleged Debtors" or the "Zeltser Group", and the group represented by Patricia Redmond, Esq., Joseph Rebak, Esq., and Martin Russo, Esq., has been referred to as the "Redmond Alleged Debtors" or the "Redmond Group." In this submission, solely for the ease of reference, the undersigned will adhere to this terminology.

Case No. 11-17047-AJC
Case No. 11-17061-AJC

| | |
|---|---|
| Petitioning Creditors: | **Solby+Westbrae Partners, 19 SHC, Corp., Ajna Brands, Inc., 601/1700 NBC, LLC, Axafina, Inc., and Oxana Adler, LLM** |
| Attorneys: | Craig A. Pugatch, Esq.<br>Rice Pugatch Robinson & Schiller, P.A.<br>101 N.E. 3rd Avenue, Suite 1800<br>Ft. Lauderdale, FL 33301<br>Tel: 954-462-8000 |

Dated: January 24, 2012

Respectfully submitted,

Darin A. DiBello (FBN 957615)
Email: ddibello@dlclegal.com
Terrance A. Dee (FBN 189502)
Email: tdee@dlclegal.com
DIBELLO, LOPEZ & CASTILLO, P.A.
1550 Madruga Avenue, Suite 504
Coral Gables, Florida 33146
Telephone: (305) 668-8870
Facsimile: (305) 668-8892

By: /s/ Darin A. DiBello
    *Co-counsel for Alleged Debtors Fisher Island Investments, Inc., and Little Rest Twelve, Inc.*


Emanuel Zeltser
Email: 41672@gmail.com
STERNIK & ZELTSER
119 West 72nd Street, #229
New York, NY 10023


By: /s/ Emanuel Zeltser
    *Co-counsel for Alleged Debtors Fisher Island Investments, Inc., and Little Rest Twelve, Inc.*

Case No. 11-17047-AJC<br>Case No. 11-17061-AJC

## CERTIFICATE OF SERVICE

I CERTIFY that on this 24th day of January, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Darin A. DiBello
Darin A. DiBello

**SERVICE LIST**
Case No. 11-17047-AJC; Case No. 11-17061-AJC

**Via Notices of Electronic Filing through the Court's CM/ECF system:**
Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov; johanna.armengol@usdoj.gov

Brett M Amron
bamron@bastamron.com; jeder@bastamron.com; dquick@bastamron.com; kparrales@bastamron.com; jmiranda@bastamron.com; afiorentino@bastamron.com

James P.S. Leshaw on behalf of Examiner James Feltman
leshawj@gtlaw.com; mialitdock@gtlaw.com; miaecfbky@gtlaw.com

Ari Newman on behalf of Examiner James Feltman
newmanar@gtlaw.com; thompsonc@gtlaw.com; mialitdock@gtlaw.com

Office of the U.S. Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig A. Pugatch
capugatch.ecf@rprslaw.com

Joseph L. Rebak
jlr@tewlaw.com; jsk@tewlaw.com; np@tewlaw.com; eguzman@tewlaw.com

Patricia Redmond
predmond@stearnsweaver.com; jrivera@stearnsweaver.com; rross@stearnsweaver.com; mmesones-mori@stearnsweaver.com; dillworthcdp@ecf.epiqsystems.com

Emanuel Zeltser
ez@russianlaw.org

George L. Zinkler
gzinkler.ecf@rprslaw.com

**Via First Class U.S. Mail, postage prepaid:**

Hicham Azkour
127 W. 25th Street
New York, NY 10001

Marlen Kruzhkov
Gusrae Kaplan Bruno & Nusbaum PLLC
120 Wall Street, 11th Floor
New York, New York 10005

Paul Philip
Mesirow Financial Consulting LLC
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1800
Miami, FL 33131

Wells Fargo Financial Leasing, Inc.
Wells Fargo Financial Leasing, Inc.
800 Walnut Street
MAC F4031-050
Des Moines, IA 50309

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Martin Russo
Gusrae Kaplan Bruno & Nusbaum PLLC
120 Wall Street, 11th Floor
New York, New York 10005

Miami-Dade County Tax Collector
Miami-Dade County Bankruptcy Unit
c/o Alexis Gonzalez
140 West Flagler Street, Suite 1403
Miami, FL 33130



**ORDERED in the Southern District of Florida on January 19, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| In re: | **CASE NO.: 11-17047-AJC** |
| **FISHER ISLAND INVESTMENTS, INC.,** | Chapter 11 (Involuntary) |
| Alleged Debtor. | |
| _____/ | |
| In re: | **CASE NO.: 11-17061-AJC** |
| **LITTLE REST TWELVE, INC.,** | Chapter 11 (Involuntary) |
| Alleged Debtor. | |
| _____/ | |

### MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

THIS CAUSE is before the Court pursuant to Rule 7056(f), Fed. R. Bankr. P. In its Memorandum Opinion Denying the Zeltser Alleged Debtors' Motion for Partial Summary Judgment dated December 29, 2011 the Court stated that it was inclined to determine as a matter of law that Miselva Etablissement, a Liechtenstein entity ("Miselva") and onetime trustee of the Gibraltar trust named the Valmore Trust, owns Fisher Island Limited ("FIL") and Grosvenor

Trading House Limited ("GTHL"). *See* (Case No. 11-17047-AJC, ECF No. 405; Case No. 11-17061-AJC, ECF No. 338) (the "Order"). The Court stated that before making such a determination it would permit the alleged debtors Fisher Island Investments, Inc. ("FII") and Little Rest Twelve, Inc. ("LR12") as represented by Darin DiBello, Esq. and Emanuel Zeltser, Esq. (the "Zeltser Alleged Debtors") to file a legal memorandum within twenty-one (21) days of the Order to assert any basis why the Court should not enter summary judgment as indicated. By notice filed January 5, 2012, the Zeltser Alleged Debtors advised the Court that they would not file any such memorandum and would rely on the existing record already before the Court. *See* (Case No. 11-17047-AJC ECF No. 421; Case No. 11-17061-AJC ECF No. 350).

Despite being given the opportunity to do so, the Zeltser Alleged Debtors have chosen not to raise any issues of disputed fact or otherwise point the Court to specific evidence in the record which might raise an issue of disputed fact for disposition by the Court at trial. Having reviewed the record before it and having drawn all *reasonable* inferences in favor of the Zeltser Alleged Debtors, the Court finds, as a matter of law, that FIL, GTHL and their respective subsidiaries are assets of the Valmore Trust and entry of summary judgment is therefore proper.

**BACKGROUND**

The Order contains a lengthy recitation of the procedural posture of this case and the positions of the parties; accordingly, the Court will only recite the facts relevant to this ruling. Two sets of attorneys claim to represent FII and LR12: the Zeltser Alleged Debtors, and the group represented by Patricia Redmond, Esq., Joseph Rebak, Esq., and Martin Russo, Esq. (the "Redmond Alleged Debtors"). The Zeltser Alleged Debtors sought a determination by way of a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure, Rule 56, Federal Rule of Bankruptcy Procedure Rule 7056 and Federal Rule of Bankruptcy Procedure Rule 9014

(Case No. 11-17047-AJC  ECF No. 340; Case No. 11-17061-AJC ECF No. 271) that, among other claims, an entity named JWL Entertainment Group, Inc., a Delaware corporation ("JWL") is the equitable or beneficial owner of FII and LR12, pursuant to a transaction that occurred in late 2007 (the "JWL Transaction").

**DISCUSSION**

The Zeltser Alleged Debtors' argument is that FIL and GTHL, and therefore FII and LR12, were transferred from Miselva to JWL and thereafter that JWL was transferred by Fallon Invest & Trade, Inc. ("Fallon") out of the Valmore Trust to Imedinvest Partners. *See* Case No. 11-17047-AJC ECF No. 428 at Exhibit 10; Case No. 11-17061-AJC ECF No. 354 at Exhibit 10; *see also* Hr'g Tr. of 3/25/10 at pp. 22:25 – 23:15; see also Case No. 11-17047-AJC ECF No. 347, Case No. 11-17061-AJC ECF No. 287. The Zeltser Alleged Debtors urge that all aspects of the JWL Transaction must be viewed under New York Law, and that as a matter of law, this Court is without jurisdiction to review the JWL transaction.

The Redmond Alleged Debtors filed a Memorandum in Opposition to Motion for Summary Judgment ("Response") (Case No. 11-17047-AJC ECF No. 372; Case No. 11-17061-AJC ECF No. 304) as well as lengthy Appendixes to the Memorandum in Opposition (Case No. 11-17047-AJC EFF Nos. 374, 375, 376, 377, 378, 379, 380, 381, 382; Case No. 11-17061-AJC ECF Nos. 306, 307, 308, 309, 310, 311, 312, 313, 314).  The Redmond Alleged Debtors asserted that the JWL Transaction was never completed and even if it was, it did not affect the Valmore Trustee's ultimate ownership of these entities.

Based on the record before the Court, the Court denied the Zeltser Alleged Debtors' Motion, and stated that it was inclined to determine as a matter of law that Miselva owns FIL and GTHL.  The Court is aware that Miselva was replaced as Trustee of the Valmore Trust (*See*

Case No. 11-17047-AJC ECF No. 428 at Exhibit 8; Case No. 11-17061-AJC ECF No. 354 at Exhibit 8) and accordingly, the matter for determination is whether SP Trustees Gmbh, as successor to Miselva as Trustee of the Valmore Trust owns FIL and GTHL, and consequently the companies below FIL and GTHL, which include FII and LR12.

The Court, having reviewed the entire record in these proceedings and having considered the positions advanced by the parties throughout the proceedings, enters summary judgment and finds that the SP Trustees Gmbh as Trustee of the Valmore Trust wholly owns FIL and GTHL, and therefore, is the owner of 100% of FII and 85% of LR12.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Pursuant to Rule 56(f), after giving notice and a reasonable time to respond, the court may grant summary judgment for a non-movant, or consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute. A court may *sua sponte* grant summary judgment where the non-moving party has been afforded an adequate opportunity to develop the record. *Artistic Ent. Inc. v. City of Warner Robins*, 331 F.3d 1196, 1201-02 (11th Cir. 2003). The mere existence of *some* alleged material factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986). Factual disputes that are irrelevant or unnecessary will not be counted. *Id.* at 248.

Entry of summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

4

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex* at 322.  There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  *Anderson* at 249, *citing First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).  As stated herein, the Court finds that there are no *genuine* disputes as to any material fact that would preclude summary judgment in favor of the Redmond Group.

Based upon the undisputed facts, as stated more particularly in the Court's Memorandum Opinion Denying the Zeltser Alleged Debtors' Motion for Partial Summary Judgment, the Court, pursuant to Rule 56, of the Federal Rules of Civil Procedure, enters summary judgment that FIL, GTHL and their respective subsidiaries are assets of the Valmore Trust.  Accordingly, it is

**ORDERED** and **ADJUDGED** that Final Summary Judgment is entered as follows:

a. The Valmore Trust, through its trustee (currently SP Trustees Gmbh) owns 100% of Fisher Island Limited, which owns 100% of Euro Properties Investments III, S.A., which owns 100% of Fisher Island Investments, Inc., which owns 100% of Fisher Island Holdings, LLC.

b. The Valmore Trust, through its trustee (currently SP Trustees Gmbh) owns 100% of Grosvenor Trading House, Limited, which owns 85% of Little Rest Twelve, Inc. with Jean-Yves Haouzi owning the remaining 15% of Little Rest Twelve, Inc.

###

Copies furnished to:

Patricia Redmond, Esq., who shall serve a copy of this order upon all interested parties immediately upon receipt of same and shall thereupon file a certificate of service.